Filed 11/14/13  P. v. Thammavong CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Glenn)

----

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>CHANH THAMMAVONG,<br><br>    Defendant and Appellant. | C072107<br><br>(Super. Ct. No. 12NCR09342) |

Appointed counsel for defendant Chanh Thammavong filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Finding no arguable error that would result in a disposition more favorable to defendant, we affirm the judgment.

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

Defendant was charged with transportation of methamphetamine. (Health & Saf. Code, § 11379, subd. (a).) He waived his right to a jury trial and submitted the matter to the court based on the following stipulated facts: "On February 11, 2012 at approximately 3:19 p.m. Orland Police Officer Kyle Cessna was on patrol, driving a marked OPD police vehicle. On Fifth St. north of Tehama St. within the City of Orland, Cessna observed an individual riding a bicycle. The bicyclist was heading south on Fifth St., the same direction as Cessna was travelling. There is a stop sign on the corner of Fifth and Tehama, regulating traffic on Fifth St. Officer Cessna observed that the bicyclist failed to stop for [the] stop sign, and just continued across Tehama on Fifth. The bicyclist then cut diagonally across Fifth St. and [Officer Cessna] got the rider's attention by honking the horn on the patrol car. The bicyclist looked back at the patrol car and Officer Cessna recognized him as [defendant]. Cessna motioned for [defendant] to come to Cessna's location at the patrol car. As [defendant started] to walk toward Cessna, Cessna observed the defendant reach into his pants pocket and then put his hands behind his back. Cessno [*sic*] could see that [defendant] was holding something in his hand, but could not tell what it was. Cessna started to walk toward the defendant and saw the defendant drop what appeared to be a pack of gum and start to walk toward Cessna. Cessna felt that the defendant was trying to conceal something by his actions; he decided to detain [defendant]. [Defendant] was handcuffed and asked to sit on the curb. Cessna picked up the packet of gum that defendant had dropped. Cessna opened the pack and [saw] some white tissue paper. Inside the tissue paper was a piece of white plastic [] tied with a knot. Inside the knotted piece of plastic was a white crystalline substance, which Cessna believed was methamphetamine. [Defendant] was arrested and the white plastic and its contents were seized.

"Officer Cessna, later in the day on June 29, weighed and tested the white crystalline substance. It tested presumptively positive for methamphetamine and weighed out to approximately .2 grams, net weight. Subsequent laboratory testing

2

confirmed that the substance was methamphetamine. Senior Criminalist Kirsten Wallace of the California Department of Justice, Chico Laboratory tested the substance and verified that it was methamphetamine. The net weight of the methamphetamine submitted to the crime lab was .10 grams. Both Officer Cessna and Criminalist Wallace would offer an opinion, based upon training and experience, that .10 grams of methamphetamine is a 'usable amount' of the drug."

The trial court found defendant guilty of transportation of methamphetamine, suspended imposition of sentence, and placed defendant on probation on the condition he serve 10 days with credit for time served. The trial court also imposed various fines and fees, including a $200 penal fine and a $240 restitution fine.

Defendant appeals. He did not obtain a certificate of probable cause. (Pen. Code, § 1237.5.)

Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant. Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

### DISPOSITION

The judgment is affirmed.

                         RAYE          , P. J.

We concur:


      ROBIE        , J.


      HOCH        , J.